MARK B. MIZRAHI (CA State Bar No. 179384)
  mmizrahi@wrslawyers.com
MAX N. WELLMAN (CA State Bar No. 291814)
  mwellman@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 W. Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582

Telephone:  (310) 478-4100
Facsimile:  (310) 479-1422

*Attorneys for Plaintiffs Kellytoy (USA),*
*Inc. and Kellytoy Worldwide, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KELLYTOY (USA), INC., a California corporation; and KELLYTOY WORLDWIDE, INC., a California corporation;<br><br>       Plaintiffs,<br><br>       vs.<br><br>GOFFA INTERNATIONAL CORP., a New York corporation; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1.  FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. § 1125);**<br>**2.  FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501);**<br>**3.  COMMON LAW TRADEMARK INFRINGEMENT**<br>**4.  CALIFORNIA COMMON LAW UNFAIR COMPETITION;  AND**<br>**5.  CALIFORNIA STATUTORY UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs KELLYTOY (USA), INC., a California Corporation and KELLYTOY WORLDWIDE, INC., a California Corporation (collectively, "Kellytoy") bring this action against defendant GOFFA INTERNATIONAL CORP., a New York Corporation ("Goffa"), and DOES 1-10 (collectively, "Defendants") for injunctive relief and damages under the laws of the United States and the State of California as follows:

## JURISDICTION AND VENUE

1.      This action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, the trademark laws of the United States, 15 U.S.C. § 1125(a), and under the statutory and common law of trademark/tradedress infringement and unfair competition.

2.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367, and 15 U.S.C. §§ 1116, 1117, 1121, and 1125.

3.      Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 and 1400(a).

4.      This Court has personal jurisdiction over Defendants, as Defendants are doing business in California and this District and are subject to the jurisdiction of this Court.  In addition, Defendant Goffa knowingly infringed on Kellytoy's copyrights and trade dress, knowing that Kellytoy is a California resident, and thereby purposefully directed its activities towards California.

## NATURE OF THE ACTION

5.      This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*; and trade dress infringement, trademark infringement, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), California Bus. & Prof. Code § 17200, *et seq.*, and the common law.

6.      Kellytoy's SQUISHMALLOW branded plush toys ("Squishmallows") – as more fully depicted in Exhibit 1 hereto – are one of the world's hottest plush toy lines.  Kellytoy's Squishmallows feature a highly distinctive and widely

recognized trade dress, which Kellytoy pioneered and created.  Kellytoy markets its Squishmallows on social media, at tradeshows, through Squishmallows.com, amazon.com, Walmart.com, walgreens.com and target.com, and on Kellytoy's website, depicting images of its proprietary Squishmallows line of plush toys.

7.      Defendants are intellectual property pirates.  Now that Kellytoy's Squishmallows have exploded in popularity, Kellytoy discovered that Defendants have begun offering to sell and selling knock-off products that infringe Kellytoy's trade dress and copyrighted designs in its Squishmallows to third-party customers, including at trade shows.  Kellytoy sent a letter to defendant Goffa demanding that it cease and desist from further selling the knock-off products, but to no avail.

8.      Accordingly, to prevent and remediate the rampant consumer confusion and misappropriation of Kellytoy's copyrighted designs in its Squishmallows resulting from Defendants' unauthorized promotion and sale of the Infringing Plush, and to compensate Kellytoy for its injuries, Kellytoy seeks immediate and permanent injunctive relief, compensatory damages, disgorgement of Defendants' profits, statutory damages, punitive damages, Kellytoy's reasonable attorneys' fees and expenses, a product recall, and corrective advertising sufficient to address Defendants' wrongdoing.

## THE PARTIES

9.      Kellytoy (USA), Inc. is a California corporation with its principal place of business located in Vernon, California.

10.     Kellytoy Worldwide, Inc. is a California corporation with its principal place of business located in Vernon, California.

11.     On information belief, defendant Goffa International Corp. ("Goffa") is a New York corporation with its principal place of business in East Rutherford, New Jersey.

12.     Goffa is in the business of manufacturing and selling children's toys including, among other things, plush toys under the MUSHIES trademark.

13.     The true names and capacities of defendants sued herein as DOES 1-10, inclusive, are unknown to Kellytoy, who therefore sues said defendants by such fictitious names.  Kellytoy will amend this Complaint to allege their true names and capacities when the same are ascertained.

14.     Upon information and belief, at all relevant times mentioned in this Complaint, Defendants, and each of them, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent and permission of one another.

## BACKGROUND FACTS

### Kellytoy and Its Protected Intellectual Property Rights

15.     Kellytoy is engaged in the business of creating, manufacturing, distributing and selling unique plush toys, including, without limitation, its Squishmallows under the SQUISHMALLOW brand.

16.     Kellytoy has been in business for nearly 40 years and in that time has developed a reputation for producing high quality, unique, creative and innovative plush toys that are highly prized in the industry.

17.     Kellytoy exerts great efforts to promote and preserve its image identity and the image and identity of its high quality plush toys, including by creating distinctive designs and marks for use on its products and seeking U.S. trademark and copyright registrations for such designs and marks, including those at issue in this Complaint.

18.     In 2016, Kellytoy conceived of and created its Squishmallows line of plush toy designs, marketed in connection with the SQUISHMALLOW trademark, that share common, unique features that distinguish them from the goods of others. These designs are wholly original Kellytoy and comprise copyrightable subject matter under the laws of the United States.

19.     Kellytoy has been and is the sole owner of all right, title and interest in

and to the copyrights in the individual "characters" in the Squishmallows line and the distinguishing, unique, and recognizable features that are common across the Squishmallows line. From 2016 to the present, Kellytoy has expended large sums of money in developing, advertising and promoting these product designs through the United States.  In fact, Kellytoy is spending approximately $50,000 per month in direct to consumer and business-to-business advertising.

20.     Kellytoy sells a broad range of Squishmallows that feature the brand's iconic trade dress, which is not easily reduced to writing, but includes, without limitation: (1) substantially oval shaped plush animals, with substantially flat bottoms, (2) Japanese-inspired minimalist and whimsical facial features, (3) a velvety velour-like-plush, Spandex exterior, and (4) stuffed with a "Memory Foam" like polyester stuffing – as more fully depicted in Exhibit 1 hereto – features common to Kellytoy's line of Squishmallows (collectively the "Squishmallow Trade Dress"). The plush designs depicted in Exhibit 2 – a subset of Kellytoy's line of Squishmallows – comprise some of Kellytoy's most popular Squishmallows, which were created by or assigned to Kellytoy (the "Squishmallow Designs").  As set forth in greater detail below, these Squishmallow Designs are the subject of Copyright Registrations issued by the United States Copyright Office, pursuant to 17 U.S.C. §101 *et seq*.

21.     Continuously and without interruption, beginning in 2016, Kellytoy has expended a great deal of time, effort, and money in the promotion of its Squishmallows.  Due to Kellytoy's unique design, extensive marketing efforts, media coverage, and market penetration, the Squishmallow Trade Dress has acquired distinctiveness in the marketplace when applied to plush toys.  Indeed, because of Kellytoy's extensive promotional activities and widespread display of its Squishmallows directed to the public, and a consequence of Kellytoy's fair and honorable dealings with its customers, the relevant consuming public has come to recognize and associate plush toys bearing the Squishmallow Trade Dress as high

quality goods connected with or offered by Kellytoy.  Squishmallow Trade Dress has valuable goodwill and consumer recognition associated with it and has come to symbolize the valuable goodwill and reputation of Kellytoy.

22.    In addition to being original and inherently distinctive, the Squishmallow Trade Dress is widely recognized by consumers.  A simple Internet search using the Google search engine yields 32,200 "hits" for the search term "Squishmallows."

23.    Kellytoy sells its Squishmallows on its website <squishmallows.com> featuring dozens of copyright-protected photographs of its plush toys and models holding its Squishmallows. Copies of the homepage and other representative pages from <squishmallows.com> are attached as Exhibit 3.

24.    Further adding to their recognizability and secondary meaning in the marketplace, Squishmallows have been featured in numerous magazines, press articles, reviews, and videos, as set forth in greater detail in Exhibit 4 hereto, including many mainstream media outlets such as the *Washington Post*, the *Chicago Tribune*, the *Daily Harold*, O*kay! Magazine*, among others.  By way of example only, Squishmallows have been also recognized by The *Washington Post* and *Consumer Reports* on their 2017 Holiday Gift Guides; *LA Parent* recognized Squishmallows in its October 2017 issue, under the "Products We Love" section; and, as depicted below, *OK!* Magazine featured Squishmallows in its August 21, 2017 issue, stating "Cuddly as they are cute, they make great couch pals, pillows and bedtime buddies in any home.  Collect the whole squad!  squishmallows.com."



25.     Kellytoy's Squishmallows have also been featured in the October 2017 issues of *L.A. Parent Magazine*, *City Parent Magazine*, and *San Diego Family Magazine* and included in the 2017 gift guides for various publications, including in *The Washington Post*, *The Houston Chronicle*, and *L.A. Parent*.

26.     Kellytoy's Kellytoy's Squishmallows have also been the subject of numerous industry awards and product recommendation lists, including by the National Parenting Product Awards, Parents' Choice, and TTPM, as more fully set out in Exhibit 4.  In fact, Kellytoy's Squishmallows were named by *Toy Insider* as one of the "Top Holiday Toys," made the cover the September/October 2017 *Toy Book Magazine*, and have been featured in numerous other trade magazines, such as, *Teddy Bear and Friends Magazine* and *Animal Tales Magazine*.

27.     Kellytoy's Squishmallows have also been the subject of extensive marketing campaigns, including email campaigns, social media posts, and direct to consumer advertising.  Kellytoy's Squishmallows currently have more than 13,300 Instagram followers, more than 19,000 Facebook followers – more than many

1  longer-existing and well-known plush brands. To its followers, Kellytoy regularly
2  publishes photographs of its Squishmallows. Many of these followers, in turn, share
3  these posts with their friends and social media followers. A copy of Squishmallows
4  Instagram page is attached as Exhibit 5.

5      28.    In addition, hundreds of well-known YouTube influencers and vloggers
6  have shared and posted images and videos of themselves holding plush toys in
7  Kellytoy's line of Squishmallows products. Tens of thousands of consumers have
8  done the same through numerous media platforms, including, Facebook, Instagram,
9  Pinterest and YouTube. These posts have generated millions of "likes" and "shares."

10      29.    Fans have been extremely engaged on social media, including
11  Facebook and Instagram, demonstrating their awareness and affection for Kellytoy's
12  Squishmallows, with the average Squishmallows post likes on Instagram hovering
13  over 1000+ per post and 45-100 average comments per post.

14      30.    Kellytoy's Squishmallow website traffic has grown exponentially since
15  its launch in 2017 to an average of 4,313 visits per day.

16      31.    Kellytoy's Squishmallows are listed amongst the leading global brands
17  and toys such as Hatchimals, Hasbro, RB, Hot Wheels, NERF, and Spin Master by
18  several industry publications.

19      32.    As a direct result of Kellytoy's efforts at promoting and building its
20  brand, Kellytoy's Squishmallows line has exploded in popularity, creating
21  substantial demand for and interest in Squishmallows, and generating enormous
22  goodwill in the Squishmallows brand and the Squishmallows Trade Dress in the
23  United States and around the world.  In fact, Kellytoy's Squishmallows are sold
24  through hundreds of retailers including some of the largest retailers in the country,
25  including, approximately 1000 Costco stores, 5,500 Walmart stores, 8,500
26  Walgreens stores, 4,000 Kroger supermarkets and Fred Meyer stores, 2000 Target
27  stores, 900 Party City stores, amongst other outfits such as Dave & Busters, Knotts
28  Berry Farms and numerous others.

33.     Since the summer of 2017, Kellytoy has sold in excess of 4 million units of Squishmallows.  Kellytoy's Squishmallows products embodying the Squishmallows Trade Dress have yielded tens of millions of dollars of sales in the U.S. over the past year.

34.     In fact, Kellytoy's Squishmallows sold out through Walgreens.com during their Gift of the Week promotion in early November 2017, as well as exceeding all sales goals for the campaign, both online and in stores.

35.     Because of Squishmallows' massive success and popularity, consumers have come to associate Kellytoy's high-quality Squishmallows plush toys with the Squishmallows Trade Dress and, conversely, have come to recognize the Squishmallow Trade Dress as a designation of source.

### Defendants' Unlawful Conduct

36.     At the outset, none of the defendants to this action is licensed or otherwise authorized by Kellytoy to market or distribute products bearing Kellytoy's Squishmallow Designs and/or Squishmallow Trade Dress.

37.     Upon information and belief, since approximately February 2018, notably well after Kellytoy established its reputation in its Squishmallow Trade Dress, Defendants have offered for sale and sold various plush toys bearing substantially similar copies of Kellytoy's Squishmallow Designs and Squishmallow Trade Dress (hereinafter referred to as "Infringing Plush") through marketing pieces, at trade shows, and other means.  Photographs of Goffa's February 2018 booth at the New Jersey Amusement Association Show, depicting examples of Defendants' Infringing Plush are collectively attached hereto as Exhibit 6.

38.     Upon information and belief, Defendants have caused the Infringing Plush to enter interstate commerce and/or to be transported or used in interstate commerce, and Kellytoy's Squishmallows plush and Defendants' Infringing Plush are sold in the same channels of trade.

39.     Upon information and belief, Defendants have sold and continue to sell

the imported Infringing Plush at prices that were/are relatively lower than the prices charged by Kellytoy for its Squishmallows plush.  Kellytoy is informed and believes that Defendants are able to undercut Kellytoy's sales prices because Defendants have, rather than investing in creating its own designs and identity, elected to copy Kellytoy's proprietary Squishmallow Designs and Squishmallow Trade Dress and because Defendants' Infringing Plush are of inferior quality as compared to Kellytoy's SQUISHMALLOW branded plush.

40.     On February 20 2018, Kellytoy observed Goffa displaying the Infringing Plush at the New Jersey Amusement Association trade show, also attended by Kellytoy.  On February 27, 2018, Kellytoy notified Goffa that Kellytoy owns the rights in and to the Squishmallow Designs and Squishmallow Trade Dress, and requested that Goffa stop offering for sale and selling the Infringing Plush. Goffa, however, ignored Kellytoy's attempt to informally resolve the dispute.

41.     Kellytoy is informed and believes that Defendants, without Kellytoy's consent or permission, continue to sell, advertise, promote, display, and distribute, toys bearing Squishmallow Designs and Squishmallow Trade Dress.

42.     The activities of Defendants in copying, distributing, advertising, selling, offering for sale and otherwise using the Squishmallow Trade Dress embodied in the Infringing Plush – including by wholesalely copying the shape and look – constitute false designation of origin regarding sponsorship of those plush toys and falsely represent to the public that Defendants' plush toys originate from Kellytoy, and/or that Defendants' plush toys have been sponsored, approved or licensed by Kellytoy, or in some way affiliated or connected with Kellytoy.  Such activities of Defendants are likely to confuse, mislead, and deceive Defendants' customers, purchasers, and members of the public as to the origin of the toys bearing the Squishmallow Trade Dress, or to cause such persons to believe that Defendants' Infringing Plush and/or Defendants have been sponsored, approved, authorized, or licensed by Kellytoy or in some way affiliated or connected with Kellytoy, all in

violation of 15 U.S.C. §1125(a).

43.     Upon information and belief, the activities of Defendants were done willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations, with the intent to trade on the enormous goodwill Kellytoy has earned in its Squishmallows, and with the intent to cause confusion, and to mislead and deceive the purchasing public into believing that the products Defendants sell are directly sponsored by, authorized, by, associated with, or originate from Kellytoy.

44.     Defendants, by their unauthorized copying and use of Kellytoy's Squishmallow Designs and Squishmallow Trade Dress, have and are engaging in acts of copyright infringement, unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Kellytoy's good will and the public acceptance of Kellytoy's original works. Defendants have damaged the reputation, business and good will of Kellytoy nationally and in this judicial district.

45.     Upon information and belief, Defendants are currently engaged in such infringing activities and unless enjoined by the Court will continue such infringing activities.

46.     Kellytoy has no adequate remedy at law.  Thus said activities of Defendants have caused and, if not enjoined, will continue to cause irreparable, immediate and impending harm and damage to Kellytoy's business, and to the business, business reputation and good will of Kellytoy.

## FIRST CAUSE OF ACTION

**(Trademark Infringement, False Designation of Origin and False Description -- 15 U.S.C. §1125)**

(Against All Defendants)

47.     Kellytoy repeats and realleges each of the allegations above as if fully set forth herein.

48.     The Squishmallow Trade Dress is non-functional and highly distinctive, and has become associated in the public mind with plush toy products of the highest quality and reputation finding their source in Kellytoy.

49.     Kellytoy owns all right, title and interest in and to the Squishmallow Trade Dress.

50.     Without Kellytoy's authorization or consent, and having knowledge of Kellytoy's prior rights in the Squishmallow Trade Dress, Defendants have designed, manufactured, distributed, advertised, offered for sale and sold replicas of the Squishmallow Trade Dress to the consuming public in direct competition with Kellytoy, in or affecting interstate commerce.

51.     The Infringing Plush designs are confusingly similar to the Squishmallow Trade Dress.  Defendants' use of the Squishmallow Trade Dress has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Kellytoy's goodwill and reputation as symbolized by the Squishmallow Trade Dress.

52.     Defendants' use of the Squishmallow Trade Dress thus constitutes trade dress infringement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

53.     As a direct and proximate result of Defendants' unlawful conduct, Defendants have misappropriated Kellytoy's rights in the Squishmallow Trade Dress, as well as the goodwill associated therewith, and have diverted sales and profits from Kellytoy to Defendants. Thus, as a direct and proximate result of Defendants' acts of willful infringement, Kellytoy has suffered damage to its valuable brand and reputation, and other damages in an amount to be proven at trial, including Defendants' profits and Kellytoy's lost profits.

54.     Defendants' actions described above have caused and will continue to cause irreparable damage to Kellytoy, unless Defendants are restrained by this

1  Court.  Kellytoy has no adequate remedy at law with regard to Defendants'
2  infringing conduct.  Accordingly, Kellytoy is entitled to a preliminary and
3  permanent injunction, pursuant to 15 U.S.C. § 1116, restraining and enjoining
4  Defendants' and their agents, servants, and employees, and all persons acting
5  thereunder, in concert with, or on their behalf, from using Kellytoy's Squishmallow
6  Trade Dress, or any colorable imitation or variation thereof, in connection with the
7  sale and/or marketing of any products.

8      55.    Defendants' aforesaid acts are exceptional within the meaning of 15
9  U.S.C § 1117.

10              **SECOND CAUSE OF ACTION**

11        **(Federal Copyright Infringement -- 17 U.S.C. §501)**

12              (Against all Defendants)

13     56.    Kellytoy repeats and realleges each and every allegation of paragraphs
14  1 through 46 above as though fully set forth herein.

15     57.    Kellytoy owns a valid copyright in each of the Squishmallow Designs.
16  The Squishmallow Designs are original, decorative, and non-functional.  After
17  having had access to Kellytoy's Squishmallow Designs, Defendants, without
18  authorization from Kellytoy, have designed, manufactured, distributed, advertised,
19  offered for sale and sold the Infringing Plush bearing designs that Defendants copied
20  from the Squishmallow Designs.

21     58.    All of the Squishmallow Designs were originally created by Kellytoy
22  or were assigned to and are owned by Kellytoy.

23     59.    The Squishmallow Designs comprise original works of authorship that
24  may be copyrighted under United States law.  In fact, Kellytoy has complied with
25  requirements of Title 17 of the United States Code with respect to the registration of
26  Kellytoy's dog, monkey, penguin and sloth Squishmallow Designs depicted in
27  Exhibit 2, as evidenced by United States Copyright Registration Nos.
28  VA0002096023, VA0002096022, VA0002093068, and VA0002093072,

3051413.1
-13-
COMPLAINT

respectively, entitling Kellytoy to the exclusive rights and privileges in and to the above-referenced copyrights.  These copyright registrations are valid and subsisting.

60.    Upon information and belief, before and after the date of registration/application of the copyrighted Squishmallow Designs and continuing to date, Defendants have imitated, displayed, reproduced, distributed, and creating derivative works from the subject matter embodied in the Squishmallow Designs in connection with Defendants' manufacture, promotion, and solicitation and acceptance of orders for the sale of Defendants' sloth, penguin, monkey and dog designs depicted in Exhibit 7.

61.    Defendants' acts are in violation of the exclusive rights of the copyright holder to reproduce, distribute, display, and create derivative works from the copyrighted Squishmallow Designs, as articulated in 17 U.S.C. § 106.  Defendants have thereby infringed Kellytoy's copyrights in the Squishmallow Designs.

62.    Such activities and conduct has caused Kellytoy injury for which it is entitled to recover under 17 U.S.C. § 504.

63.    On information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Kellytoy's exclusive rights in the Squishmallow Designs.

64.    On information and belief, as a result of Defendants' copyright infringement, they have made substantial profits and gains to which they are not entitled to retain.

65.    As a direct and proximate result of Defendants' unlawful conduct, Defendants have caused and will continue to cause irreparable injury to Kellytoy, for which Kellytoy has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing their imitation, copying, display, distribution, reproduction and creation of derivative works from the works embodied in the copyrighted Squishmallow Designs, these injuries will continue to occur.  Accordingly, Kellytoy is entitled to preliminary and permanent injunctions

restraining Defendants' infringing conduct, pursuant to 17 U.S.C. § 502.

## THIRD CAUSE OF ACTION

### (Common Law Trademark Infringement)

(Against all Defendants)

66.     Kellytoy repeats and re-alleges each and every allegation of paragraphs 1 through 53 as though fully set forth herein.

67.     Defendants have violated Kellytoy's exclusive common law rights in the Squishmallow Trade Dress.

68.     Kellytoy has continuously used its Squishmallow Trade Dress to identify its goods in California and elsewhere, and to distinguish them from goods of a different origin.  As such, Kellytoy has common law rights to the Squishmallow Trade Dress.

69.     Defendants' acts described above constitute trade mark infringement under the common laws of the United States, including California.

## FOURTH CAUSE OF ACTION

### (California Common Law Unfair Competition)

(Against all Defendants)

70.     Kellytoy repeats and re-alleges each and every allegation of paragraphs 1 through 53 as though fully set forth herein.

71.     This claim arises under the common law of the State of California relating to unfair competition.

72.     Defendants' Infringing Plush incorporate matter constituting reproduction, copies and colorable imitation of Kellytoy's Squishmallow Trade Dress.  Defendants' unauthorized use of Kellytoy's Squishmallow Trade Dress constitutes unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the parties' products and to cause purchasers to believe Defendants' products are authentic products of Kellytoy when in fact they are not.

73.     Upon information and belief, Defendants have intentionally appropriated Kellytoy's Squishmallow Trade Dress with the intent of causing confusion, mistake, and deception as to the source of their goods and with the intent of palming off their goods as those of Kellytoy and to place others in the position to palm off their goods as those of Kellytoy.  Defendants have thus committed unfair competition under the common law of the State of California.

74.     By their actions in infringing Kellytoy's Squishmallow Trade Dress, Defendants are improperly trading upon the reputation and good will of Kellytoy and are impairing Kellytoy's valuable rights in its Squishmallow Trade Dress.

75.     Upon information and belief, said activities of Defendants alleged herein were and are willful and intentional acts of unfair competition.

76.     Kellytoy has no adequate remedy at law.  Thus said activities of Defendants have caused, if not enjoined, will continue to cause irreparable harm and damage to the rights of Kellytoy in its Squishmallow Trade Dress and to its business reputation and good will.

77.     Upon information and belief, Defendants have engaged in their unlawful conduct alleged herein intentionally, maliciously, fraudulently and oppressively entitling Kellytoy to punitive damages in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**(California Statutory Unfair Competition –**

**California Bus. & Prof. Code § 17200, *et seq*.)**

(Against all Defendants)

78.     Kellytoy repeats and re-alleges each and every allegation of paragraphs 1 through 55, 67 through 69, and 71 through 77 as though fully set forth herein.

79.     By reason of the foregoing, Defendants have been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of California Business and Professional Code Section 17200 et seq.

3051413.1

-16-

COMPLAINT

80.     Said activities of Defendants have caused, if not enjoined, and will continue to cause irreparable harm and damage to the rights of Kellytoy in its Squishmallow Trade Dress and to its business reputation and good will.  Kellytoy has no adequate remedy at law for these wrongs and injuries.  The damage to Kellytoy includes harm to its goodwill and reputation in the marketplace that money cannot compensate.  Accordingly, Kellytoy is entitled to a preliminary and permanent injunction restraining and enjoining Defendants' and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using Kellytoy's Squishmallow Trade Dress, or any colorable imitation or variation thereof, in connection with the sale and/or marketing of any products.  Kellytoy is further entitled to recover its costs and attorneys' fees incurred in bringing and prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Kellytoy prays for judgment against Defendants as follows:

1.     That Defendants, their officers, members, directors, agents, servants, employees, successors, licensees, representatives, successors, assigns, and all persons acting in concert or participation with them, be permanently enjoined and restrained from:

(i) Manufacturing, importing, distributing, advertising, offering to sell or selling the Infringing Plush or any colorable imitations of the Squishmallow Designs and/or Squishmallow Trade Dress;

(ii)  Using the Squishmallow Trade Dress or any confusingly similar trade dress on plush or other toys;

(iii) Using the Squishmallow Trade Dress, or any confusingly similar mark, in connection with the advertisement, offer to sell or sale of any toy products;

(iv) Using any false designation of origin, or representing or

suggesting directly or by implication that Defendants, or any brands created by Defendants, or their toys, are affiliated with, associated with, authorized by, or otherwise connected to Kellytoy, or that Defendants are authorized by Kellytoy to use the Squishmallow Trade Dress or Squishmallow Designs;

(v) Copying, distributing, displaying or making derivative works of the Squishmallow Designs;

(vi) Engaging in any other activity constituting unfair competition with Kellytoy, or constituting infringement of the Squishmallow Trade Dress or Squishmallow Designs; and

(vii) Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (vi) above, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (vi) above.

2. That Defendants be directed to file with the Court and serve on Kellytoy, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

3. That the Court direct any third parties providing services to Defendants in connection with any infringing and/or enjoined conduct, including social media platforms (*e.g.*, Instagram, Facebook, Twitter), online marketplaces (*e.g.*, Alibaba, eBay, Etsy, AliExpress, Amazon, Taobao), online payment providers, including credit card companies (*e.g.*, PayPal, Visa) and other service providers (*e.g.*, Google, GoDaddy, LiveChat, Shopify) to cease providing services to Defendants in connection with the offer for sale and sale of the Infringing Plush

1  or any other products using or embodying the Squishmallow Trade Dress or
2  Squishmallow Designs.

3      4.    That Defendants be required to pay Kellytoy such damages as it has
4  sustained as a consequence of Defendants' infringement of the of the Squishmallow
5  Trade Dress and trebling of those damages under 15 U.S.C. § 1117;

6      5.    Adjudge that each of the Defendants, by its unauthorized use of
7  Kellytoy's the Squishmallow Trade Dress for plush toys, and such other acts as it
8  may have undertaken relating to the mark, have violated Kellytoy's rights under 15
9  U.S.C. § 1125(a), under California state law (including, without limitation, Cal. Bus.
10 & Prof. Code § 17200 *et seq.*), under common law, and that they have done so
11 willfully and for the purpose of violating Kellytoy's rights and damaging Kellytoy's
12 goodwill and reputation in the Squishmallow Trade Dress;

13     6.    Direct Defendants to provide Kellytoy with an identification in writing
14 of any and all entities that are presently using the Squishmallow Trade Dress in the
15 United States on Defendants' behalf and inform them that they must immediately
16 cease such use;

17     7.    Direct Defendants to immediately recall any and all merchandise
18 previously provided to any United States entity under the Squishmallow Trade
19 Dress or Squishmallow Designs;

20     8.    Enter an order, pursuant to 15 U.S.C § 1118, directing Defendants to
21 deliver for destruction all products, brochures, marketing materials, decals, stickers,
22 signs, prints, packages, receptacles, wrappers, boxes, and advertisements in their
23 possession or under their control, bearing any unauthorized copy of any of the
24 Squishmallow Trade Dress, or any simulation, reproduction, counterfeit, copy,
25 confusingly similar likeness, or colorable imitation thereof, and all plates, molds,
26 matrices, programs and other means of making same;

27     9.    Enter an order, pursuant to 17 U.S.C. § 503(a), impounding all of
28 Defendants' products that infringe Kellytoy's copyrights in the Squishmallow

3051413.1
-19-
COMPLAINT

Designs, as well as any plates, molds, matrices, programs, or other articles by means of which copies of the works embodied in the Squishmallow Designs may be produced;

10.     Enter an order, pursuant to 17 U.S.C § 503(b), requiring the destruction of all copies of Defendants' products that infringe Kellytoy's copyright in the Squishmallow Designs, as well as any plates, molds, matrices, programs, or other articles by means of which copies of the works embodied in the Squishmallow Designs may be produced;

11.     That each Defendant provide Kellytoy in writing with the following information relating to Defendants' goods marketed, advertised, offered for sale, or sold under the Squishmallow Trade Dress or Squishmallow Designs:

(i)     the name, address and telephone number of each and every United States entity to whom Defendants have made available or otherwise provided any such products; and

(ii)     a full accounting as to the precise dollar amount of such products made available or provided and the profits recognized by Defendants in connection with such actions;

12.     Direct Defendants to pay the costs of corrective advertising;

13.     Direct Defendants to pay Plaintiffs' attorneys' fees and costs incurred in initiating and prosecuting this action;

14.     Direct Defendants to pay punitive damages and exemplary damages according to proof;

15.     That Kellytoy recover its actual damages, Kellytoy's lost profits, and Defendant's profits arising from Defendants' conduct complained-of herein;

16.     That the Court award enhanced profits and treble damages;

17.     That Kellytoy be awarded statutory damages;

18.     That Kellytoy be awarded interest, including pre-judgment interest, on the foregoing sums;

19.     That the Court direct such other actions as the Court may deem just and proper to prevent the public from deriving the mistaken impression that any products or services offered, advertised, or promoted by or on behalf of Defendants are authorized by Kellytoy or related in any way to Kellytoy's products or services; and

20.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  April 10, 2018                    WOLF, RIFKIN, SHAPIRO,
                                          SCHULMAN & RABKIN, LLP


By:     /s/ Mark B. Mizrahi
        MARK B. MIZRAHI
        MAX N. WELLMAN
Attorneys for Plaintiffs
KELLYTOY (USA), INC. and
KELLYTOY WORLDWIDE, INC.

3051413.1

-21-
COMPLAINT

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand and request a trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

Dated:  April 10, 2018              WOLF, RIFKIN, SHAPIRO,
                                    SCHULMAN & RABKIN, LLP


                                    By: _____/s/ Mark B. Mizrahi_____
                                          MARK B. MIZRAHI
                                          MAX N. WELLMAN
                                    Attorneys for Plaintiffs
                                    KELLYTOY (USA), INC. and
                                    KELLYTOY WORLDWIDE, INC.